IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

VINCENT B. SMITH,                    *

    Plaintiff,                    *

vs.                                  *
                                          CASE NO. 4:10-CV-86 (CDL)
CLEAR   CHANNEL   BROADCASTING, *
INC.,   a/k/a   Clear   Channel
Radio, et al.,                       *

    Defendants.                   *

_____

O R D E R

    Plaintiff, who is proceeding *pro se,* asserts employment discrimination claims against his former employer and co-workers pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII").  Presently pending before the Court is Defendant Clear Channel Broadcasting Inc.'s Motion to Dismiss Plaintiff's Complaint (ECF No. 7). Defendant Clear Channel Broadcasting, Inc. ("Clear Channel") contends that Plaintiff's Complaint should be dismissed for failure to state a claim and for failure to properly serve Defendants.  The Court finds that Plaintiff's action is untimely and fails to state a claim upon which relief may be granted. Accordingly, Clear Channel's motion to dismiss is granted, and Plaintiff's Complaint is dismissed in its entirety.

MOTION TO DISMISS STANDARD

When considering a 12(b)(6) motion to dismiss, the Court must accept as true all facts set forth in the plaintiff's complaint and limit its consideration to the pleadings and exhibits attached thereto. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007); *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570). The complaint must include sufficient factual allegations "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "[A] formulaic recitation of the elements of a cause of action will not do[.]" *Id.* Although the complaint must contain factual allegations that "raise a reasonable expectation that discovery will reveal evidence of" the plaintiff's claims, *id.* at 556, "Rule 12(b)(6) does not permit dismissal of a well-pleaded complaint simply because 'it strikes a savvy judge that actual proof of those facts is improbable,'" *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007) (quoting *Twombly,* 550 U.S. at 556).

BACKGROUND

Plaintiff Vincent Smith ("Plaintiff") filed this action against his former employer, Clear Channel Radio, and two Clear Channel employees, Joseph Brannen ("Brannen") and Jennifer Newman ("Newman").[1]   According to Plaintiff's Complaint, Defendants discriminated against Plaintiff by wrongfully terminating his employment and committing "perjury—giv[ing] false and misleading information to the lotter [sic] investigator." Compl. 1-2 ¶ 4, ECF No. 1. Plaintiff generally alleges in conclusory fashion that Defendants discriminated against him based on his race and specifically maintains that he was discharged because Plaintiff witnessed certain criminal activity by Brannen and Newman (collectively "individual Defendants").

According to Plaintiff's Complaint, the following allegations support his Title VII claim:  Plaintiff witnessed the individual Defendants take computers for their personal use and steal other merchandise from Clear Channel. Compl. 2-3 ¶ 9. Defendants engaged in racial profiling and targeted Plaintiff because Plaintiff knew about Brannen's criminal ways and

---

[1]  According to Clear Channel, Plaintiff misidentified his former employer as Clear Channel Radio in his Complaint, and Clear Channel clarifies that Plaintiff actually worked for Clear Channel Broadcasting, Inc.  Def. Clear Channel's Mot. to Dismiss Pl.'s Compl. [hereinafter Mot. to Dismiss] Attach. 1, Def. Clear Channel's Mem. of Law in Supp. of Its Mot. to Dismiss 1 n.1, ECF No. 7-1.

Plaintiff was a threat to the individual Defendants' promotions. *Id.* at 2 ¶ 6.   Plaintiff knew too much about the illegal activity at Clear Channel. *Id.* at 5 ¶ 4.   Plaintiff was falsely accused of stealing lottery tickets from a package that Brannen admitted that he opened.   *Id.* at 3 ¶ 9.   Brannen made this admission "in the appeal hearing."[2] *Id.*   Evidence used against Plaintiff was fabricated. *Id.* at 5 ¶ 4.   Brannen quit his job at Clear Channel four months after lying about Plaintiff, taking invoices with him that would link Brannen to the computers Plaintiff witnessed Brannen steal. *Id.* at 6.   Plaintiff is not presently employed by Clear Channel because Clear Channel discharged Plaintiff. *Id.* at 2 ¶ 5.

The alleged discrimination occurred between December 10, 2008, and December 18, 2008. *Id.* at 2 ¶ 8.   Plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC") regarding Defendants' alleged discriminatory conduct in January 2010. *Id.* at 3 ¶ 11.   Plaintiff received a right-to-sue letter from the EEOC on April 9, 2010. *Id.*   Plaintiff filed this action on August 6, 2010. *See generally* Compl.

DISCUSSION

Clear Channel contends that Plaintiff's Complaint against the individual Defendants fails to state a claim upon which

---

[2] It is unclear from the Complaint what "appeal hearing" Plaintiff is referencing.  The Court is unaware of any other proceeding related to this action.

relief can be granted.   Clear Channel also asserts that Plaintiff's Complaint is barred for failure to make a timely charge to the EEOC, failure to file a timely Complaint, and for failure to state a claim.   The Court addresses each issue in turn.

**I.   Plaintiff's Claims Against the Individual Defendants**

Plaintiff's Complaint fails to state a claim upon which relief can be granted with respect to the individual Defendants. "[R]elief under Title VII is available against only the employer and not against individual employees whose actions would constitute a violation of the Act." *Dearth v. Collins*, 441 F.3d 931, 933 (11th Cir. 2006) (per curiam).   Accordingly, Plaintiff cannot assert claims against the individual Defendants as employees whose actions allegedly constitute violations of Title VII.   Therefore, the claims against the individual Defendants are dismissed.

**II.  Plaintiff's Claims Against Clear Channel**

A.   <u>Timeliness of Plaintiff's EEOC Charge and Complaint</u>

Plaintiff's claims against Clear Channel are barred for failure to make a timely charge and Complaint of discrimination. Prior to filing suit under Title VII, a plaintiff must file a timely charge with the EEOC. 42 U.S.C. § 2000e-5(e)(1) (stating that Title VII charge must be filed within 180 days of the alleged unlawful employment practice). "For a charge to be

timely in . . . Georgia, it must be filed within 180 days of the last discriminatory act." *Wilkerson v. Grinnell Corp.*, 270 F.3d 1314, 1317 (11th Cir. 2001).   Further, a plaintiff must file a lawsuit within 90 days of receiving a right-to-sue letter from the EEOC.   42 U.S.C. § 2000e-5(f)(1).

The facts on the face of Plaintiff's Complaint reveal that Plaintiff's EEOC charge and Complaint were untimely.   The alleged discrimination occurred between December 10, 2008, and December 18, 2008.   Compl. 2 ¶ 8.   Plaintiff did not file a charge with the EEOC until January 2010, well beyond the 180 day deadline for filing a charge.   *Id.* at 3 ¶ 11.   Further, Plaintiff admits in his Complaint that he received a right-to-sue letter from the EEOC on April 9, 2010.   *Id.*   Plaintiff waited to file this lawsuit until August 6, 2010, which was longer than 90 days after receiving the right-to-sue letter.[3] Therefore, it is apparent from the face of Plaintiff's Complaint

---

[3] Curiously, Plaintiff attached to his Complaint a right-to-sue letter from the EEOC dated May 7, 2010, Compl. Ex. 1, Dismissal and Notice of Rights, ECF No. 1-1, although he alleges in his Complaint that he received a right-to-sue letter on April 9, 2010.   That letter, dated April 6, 2010, is attached to Clear Channel's motion to dismiss.   Mot. to Dismiss Ex. B, Dismissal and Notice of Rights, ECF No. 7-2.   Even if the Court interpreted the May 7, 2010 attachment to allege that Plaintiff received that letter the day after it was sent, May 8, 2010, and thus, his lawsuit was timely filed within 90 days of receiving that letter, it remains undisputed that he did not file his charge of discrimination within 180 days of the last act of alleged discrimination, and thus, the action still must be dismissed as untimely.

that he failed to file a timely charge with the EEOC and failed to timely file this action.  Accordingly, it must be dismissed.

B.   Failure to State a Claim Even if Timely

Even if Plaintiff's action were found to be timely filed, it must be dismissed because Plaintiff fails to state a claim for relief under Title VII. Title VII makes it unlawful for an employer "to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, *because of* such individual's race, color, religion, sex, or national origin."  42 U.S.C. § 2000e-2(a) (emphasis added). Plaintiff's Complaint summarily makes reference to race discrimination and "racial profiling;" yet his factual allegations have nothing to do with race.  In fact, the specific allegations in the Complaint make it clear that his grievance does not arise from race discrimination.  Plaintiff alleges that he was discharged because he witnessed the individual Defendants stealing from Clear Channel.  Even giving the Plaintiff the benefit of every doubt, one cannot reasonably conclude that Plaintiff alleged sufficient facts to support a race discrimination claim.  To conclude otherwise would require the Court to speculate as to whether Plaintiff is entitled to any

relief under Title VII.  Plaintiff's Complaint simply fails to state a claim for relief that is plausible on its face.[4]

CONCLUSION

Based on the foregoing, Clear Channel's motion to dismiss (ECF No. 7) is granted, and Plaintiff's Complaint is dismissed in its entirety.


IT IS SO ORDERED, this 5th day of April, 2011.

S/Clay D. Land
CLAY D. LAND
UNITED STATES DISTRICT JUDGE

---

[4] To the extent Plaintiff may argue that he intended to assert a race discrimination claim pursuant to 42 U.S.C. § 1981, that claim would fail for the same reasons his Title VII claim fails—he has alleged no facts that support a claim for race-based discrimination.